## Case No. 2,959b.

### In re COHAUS.

### In re WILDMAN.

[Betts' Scr. Book, 91.]

Circuit Court, District of Columbia. Aug. 10, 1842.

DISCHARGE IN BANKRUPTCY—ACT OF 1841—"CREDITOR."

[1. Wherever a right is given to a "creditor" by the bankrupt law of 1841 [5 Stat. 440], a creditor who has come in and proved his debt is intended.]

[2. A creditor who has not come in and proved his debt under the act cannot oppose the bankrupt's discharge.]

[3. Other creditors, as well as the bankrupt, may contest the right of a creditor, who has not proved his debt, to oppose the bankrupt's discharge.]

In bankruptcy. Andrew Barby, claiming to be a creditor of the bankrupt, within the time prescribed by the rules of this court in bankruptcy, in order to show cause why the bankrupt should not be discharged, filed certain allegations, and a day was assigned by the court for the hearing thereof, on which day the bankrupt denied that Barby was a creditor, and contended that, if he was in fact a creditor, he had no right, as such, to appear and show cause why the bankrupt should not have his discharge and certificate, because he had not come in and proved his debt under the bankruptcy, according to the requisition of the bankrupt act of 19th August, 1841.

The same point having been raised in the case of Wildman, the question was argued by Mr. Jones and R. S. Coxe, for Cohaus; and Mr. Bradley, for creditor, Barby; and Mr. Jones, for Wildman; and Mr. Pratt and Mr. Coxe, for opposing creditors.

In both cases there was prima facie evidence that the persons who filed the allegations were in fact creditors of the bankrupt respectively; and in Wildman's case they were so returned in his schedule annexed to his petition; but none of them had come in and proved their debts in the manner prescribed by the bankrupt act.

Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.

CRANCH, Chief Judge. We have considered the preliminary point raised in these cases, and are of opinion that no creditor who has not come in and proved his debts in the manner prescribed by the bankrupt act is competent, as creditor, to appear and show cause why the bankrupt should not have his discharge and certificate. We think that no person can claim a right under the bankrupt law, as creditor, who has not come in and proved his debt according to the provisions of that law; and that it will appear by a careful contemplation of the provisions of the act, that wherever it gives a right to a creditor, as such, it means a creditor who has come in and proved his debt under the bankruptcy. By the 2d section of the act, although unlawful preference should have been given by the bankrupt, he may have a final discharge if "assented to by a majority in interest of those of his creditors who have not been preferred." How is that "majority in interest" to be ascertained? Must not those creditors have proved their debts under the law? And can any one who has not so proved his debts join in that assent? By the 4th section the bankrupt who has surrendered, &c., shall be entitled to a full discharge, "unless a majority in number and value of his creditors who have proved their debts shall file their written dissent thereto. No creditor who has not proved his debt as required by the 7th section of the act" [can therefore file a written dissent]. It seems to us that no sufficient reason can be given for permitting a creditor who has not come in to prove his debt under the bankruptcy, to come in and file objections to the bankrupt's discharge, when the same creditor would not be permitted to file his written dissent to the discharge without having first come in and proved his debt. By the same 4th section, notice by advertisement to creditors is to be notice to all creditors who have proved their

debts, "and other persons in interest." These other persons in interest must be persons other than creditors; persons who cannot be allowed to prove, or not in a situation to prove, their debts; persons who are not creditors, but who have an interest in the property and effects of the bankrupt. A person who claims a right under the bankrupt law, as a creditor, must prove himself to be a creditor in the manner prescribed by that law. He cannot claim under the law and against the law at the same time. By the same 4th section, it is provided that, when the residence of the creditor is known, a service (i. e. of the notice required by the preceding part of the sentence) on him personally or by letter shall be prescribed by the court. The words "the creditor" evidently allude to the creditors just before mentioned, viz. the creditors who have proved their debts; and it seems at least doubtful whether this personal notice is to be given to any creditor who has not proved his debt under the bankruptcy. But, however that may be, it seems to us clear that every creditor who would claim any right under the bankrupt law as a creditor must come in and show his title in the manner prescribed by that law.

The bankrupt is not the only person who has a right to contest the competency of the person claiming to be a creditor, and his right, as such, to object to the discharge. Any of the other creditors may contest it; and the bankrupt law prescribes the manner in which the claim to be a creditor shall be established. And by the same 4th section it is provided that if, at the time of the hearing of the petition of the bankrupt for a discharge, and majority in number and value of the creditors who shall have proved their debts shall, at such hearing, file their written dissent to the allowance of the discharge, &c., a discharge shall not be decreed to him. Here again it is evident that none can join in this dissent but creditors who have proved their debts. It would seem strange that a creditor who was not competent to file his written dissent to the allowance of the discharge should yet be deemed competent to come in to show cause against that allowance. In the 7th section it is provided that upon every petition by a bankrupt for the benefit of the act, or by a creditor against a bankrupt under the act, notice shall be published in some newspaper; and that "all persons interested" may appear and show cause why the prayer of the petitioner should not be granted. It does not say that creditors, as such, may appear and show cause, &c., because, until the debtor is declared bankrupt, the creditors cannot prove their debts under the law, and therefore are not known to the law as creditors. The act, therefore, says, "all persons interested" may appear and show cause, not why the debtor should not have his discharge, but why he should not be declared bankrupt, thereby showing that only those can be recognized by the law,

as creditors, who have proved their debts. The moment the debtor is declared bankrupt, the creditors may prove their debts in the manner prescribed by the law; and time is given them for that purpose, and notice is to be given by advertisement in some public newspaper. If, then, they would appear as creditors on the day appointed, and show cause, &c., they must show themselves to be creditors in the manner prescribed by the law under which they claim the right to appear as such. The 5th section of the act provides that "no creditor, or other person, coming in and proving his debt, or other claim, shall be allowed to maintain any suit, at law or in equity, therefor; but shall be deemed to have waived all right of action and suit against such bankrupt; and all proceedings already commenced, and unsatisfied judgments already obtained thereon, shall be deemed to be surrendered thereby."

This shows clearly the intention of the legislature that a creditor should not avail himself of any of the rights of a creditor under the law, without coming in under the law, and taking such remedy as the law gives; and should not stand out and hold on to his supposed rights, as against the bankrupt act, while claiming a right under that act. A creditor can be permitted to come in for one purpose only, but, if admitted for one purpose, he must be admitted for all.

For these reasons we have come to the conclusion that the persons who have offered these allegations were not, and are not now, competent to come in and show cause against the allowance of the bankrupt's discharge, inasmuch as they have not come in and proved their debts as required by the act.

THRUSTON, Circuit Judge (absent), was understood to be of a different opinion.

Since the court came to this conclusion, the judges have been referred to a decision of Judge Betts in the southern district of New York, as published in the Morning Courier and New York Enquirer of the 29th of July, 1842, corroborating the view which we have taken of this subject, and deciding the same point in the same way. [Case No. 7,- 784.]